**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

v.

DANIEL VAZQUEZ-ALVAREZ [1],

Defendant.

CRIMINAL NO. 21-069 (ADC)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING**

I.    **Procedural Background**

On March 17, 2021, defendant Daniel Vazquez-Alvarez was charged in a four-count indictment. He agrees to plead guilty to a lesser included offense in Count One, and Count Four.

Count One charges that beginning on a date unknown, but until and including March 17, 2021, in the District of Puerto Rico, elsewhere and within the jurisdiction of this court, Mr. Vazquez-Alvarez did knowingly and intentionally combine, conspire, confederate, and agree with other diverse persons, to commit an offense defined in Title 46, United States Code, Section 70503, that is, to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, while aboard a vessel subject to the jurisdiction of the United States. All in violation of Title 46, United States Code, Sections 70503(a)(1), and 70506(b). However, Mr. Vazquez-Alvarez is pleading guilty to the lesser included offense of knowingly and intentionally combine, conspire, confederate, and agree with other diverse persons, to commit an offense defined in Title 46, United States Code, Section 70503, that is, to possess five hundred grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, while aboard a vessel subject to the jurisdiction of the United States, all in violation of Title 46, United States Code, Sections 70503(a)(1), and 70506(b).

Count Four charges that on or about March 7, 2021, in the District of Puerto Rico and within the jurisdiction of this Court, Mr. Vazquez-Alvarez did knowingly and unlawfully possess

**USA v. Daniel Vazquez-Alvarez [1]**
**Cr. 21-069 (ADC)**
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

one (1) Glock Pistol, Model 17, .9mm caliber, serial number HPS-345, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States. All in violation of Title 18, <u>United States Code</u>, Section 924(c)(1)(A)(i).

Defendant appeared before me, assisted by the court interpreter, on February 20, 2024, since the Rule 11 hearing was referred by the court.   <u>See</u> <u>United States v. Woodard</u>, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant).   He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

## II.     **Consent to Proceed Before a Magistrate Judge**

Defendant was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge.   He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge.   He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge, advising how to proceed.   The defendant then voluntarily consented to proceed before a magistrate judge.

## III.     **Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.   Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. <u>United States v. Hernandez-Wilson</u>, 186 F.3d 1, 5 (1st Cir. 1999).   "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" <u>United States v. Cotal-Crespo</u>, 47 F.3d 1, 4 (1st Cir. 1995) (quoting <u>McCarthy v. United States</u>, 394 U.S. 459, 467 (1969)).   There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the

USA v. Daniel Vazquez-Alvarez [1]
Cr. 21-069 (ADC)
REPORT AND RECOMMENDATION ON GUILTY PLEA

consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244 (1st Cir. 1991)).

### A. Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charges with his counsel and was satisfied with the advice and representation he received.   The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea.    After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. Vazquez-Alvarez was competent to plead and fully aware of the purpose of the hearing.

### B. Maximum Penalties

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statutes for the offenses to which he was pleading guilty, namely: as to Count One, a term of imprisonment of at not less than five years and no more than forty years, a fine of not more than $5,000,000.00, and a term of supervised release of at least four years. As to Count Four, a term of imprisonment of not less than five years and up to life in prison, a fine not to exceed $250,000.00, and a term of supervised release of not more than five years. A Special Monetary Assessment of $100.00 per count will also be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court explained the nature of supervised release and the consequences of revocation. The court may also impose a forfeiture order. The defendant indicated that he understood the maximum penalties and the potential consequences of the guilty plea.

### C. Plea Agreement

Page 4

USA v. Daniel Vazquez-Alvarez [1]
Cr. 21-069 (ADC)
REPORT AND RECOMMENDATION ON GUILTY PLEA

Mr. Vazquez-Alvarez was shown his plea agreement, and the plea agreement supplement, which are part of the record, and identified his initials and signatures. He confirmed that he had the opportunity to read and discuss the plea agreement with his attorney before he signed it, that it represented the entirety of his understanding with the government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty.

The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed his understanding, that the terms of the plea agreement are merely recommendations to the court, and that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the defendant to withdraw his guilty plea, and impose a sentence that is more severe than the defendant might anticipate.

The parties' sentencing calculations and recommendations appear in the Plea Agreement and were explained in open court. The defendant confirmed that these were the sentencing recommendations he agreed to with the government. The defendant was specifically informed that any sentencing calculations contained in the Plea Agreement were not binding for the sentencing court, but were only estimates of possible terms of his sentence, and that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the Plea Agreement or provided by his attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines.   The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes.   The defendant was further informed, and professed to understand, that the Plea Agreement contains a waiver of appeal provision under which the defendant agreed to waive his right to appeal the judgment and sentence if the court

USA v. Daniel Vazquez-Alvarez [1]
Cr. 21-069 (ADC)
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

accepts the Plea Agreement and sentences him according to its terms and conditions.

### D.  Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf.   He was further informed that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

The defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained. The defendant's attorney attested that he explained these rights to his client and believed that the defendant understood his explanations.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served. Defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing. Defendant was further admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, to possess a firearm and may result in negative immigration consequences. The defendant confirmed that he understood these consequences of his guilty plea.

### E.  Factual Basis for the Guilty Plea

USA v. Daniel Vazquez-Alvarez [1]
Cr. 21-069 (ADC)
REPORT AND RECOMMENDATION ON GUILTY PLEA

Defendant was read in open court Count One of the indictment and provided an explanation of the elements of the offense. The meaning of terms used in the indictment was explained. Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offense charged in Count One and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt. The defendant was able to understand this explanation and agreed with the government's submission as to the evidence which could have been presented at trial.

**F.  Voluntariness**

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered him a thing of value in exchange for his plea.   He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the Plea Agreement.   Throughout the hearing the defendant was able to consult with his attorney.

**IV.  Conclusion**

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to the lesser included offense in Count One, and Count Four of the indictment.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Daniel Vazquez-Alvarez, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to the lesser included offense in Count One, and Count Four of the indictment.

**USA v. Daniel Vazquez-Alvarez [1]**
**Cr. 21-069 (ADC)**
**REPORT AND RECOMMENDATION ON GUILTY PLEA**

This report and recommendation is filed pursuant to Title 28, <u>United States Code</u>, Section 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

**A sentencing hearing will be set before District Judge Aida M. Delgado-Colon.**

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 21st day of February, 2024.


*s/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge